*Kuka v. Garland*

BIA
A078 690 281/282

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-one.

PRESENT:
>
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

SHPETIM KUKA, LUZIME KUKA,
>    *Petitioner,*

>    v.                                                            **19-3140**
>                                                                   **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

**FOR PETITIONER:**     Karin Anderson Ponzer, Neighbors Link
Community Law Practice, Ossining, NY.

**FOR RESPONDENT:**     Joseph H. Hunt, Assistant Attorney General;
Kiley Kane, Senior Litigation Counsel; Robbin
K. Blaya, Trial Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Shpetim and Luzime Kuka, natives and citizens of Albania, seek review of a September 4, 2019 decision of the BIA denying their motion to reopen their immigration proceedings. *In re Shpetim Kuka*, No. A 078 690 281/282 (B.I.A. Sept. 4, 2019). We review the BIA's decision to deny the Kukas' motion for abuse of discretion, and we review the BIA's findings of fact for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history.

It is undisputed that the Kukas's motion to reopen was number-barred and untimely because it was their fifth motion to reopen, filed almost 13 years after their 2006 removal order. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The Kukas nevertheless argue that their 2019 motion to reopen

2

was proper because Luzime had become permanently disabled and the country conditions in Albania had materially changed in the interim. But while it is true that § 1229a(c)(7) permits petitioners to bring otherwise time- and number-barred motions to reopen "based on changed country conditions," the statute also requires petitioners to present evidence of those changed conditions that "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA reasonably determined that the Kukas failed to establish a material change in conditions in Albania as needed to excuse the number and time limitations. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Under this standard, changed *personal* circumstances such as Luzime's disability are distinct from changed *country* conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir. 2009).

And though the Kukas submitted evidence indicating a prevalence of government corruption, political tensions, and a failing healthcare system in Albania, the evidence did not show that conditions in Albania were materially worse than at the time of the Kukas's 2005 hearing before the immigration judge ("IJ"). Indeed, the 2004 State Department Country Report, which was before the IJ, described "widespread corruption," violent political protests, poor medical care, and "budgetary constraints [that] greatly limited" the amount of public assistance for those with disabilities. App'x at 2673, 2683. The evidence the Kukas submitted to the BIA in 2019 in support of reopening reflected similar hardships for those with disabilities, but it did not establish that Albania's conditions have materially worsened. In fact, the 2018 State Department Country Report relied upon by the Kukas actually described some improvements in Albania, including constitutional and legal protections for individuals with disabilities, the opening of two new development centers for persons with disabilities, and the implementation of government-sponsored social services. Thus, the record supports the BIA's conclusion that the Kukas failed to demonstrate a material worsening of conditions for similarly situated people in

Albania as needed to excuse the time and number bars to their motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Because the record supports the BIA's conclusion that the Kukas failed to demonstrate a material worsening of conditions for similarly situated people in Albania, the BIA did not abuse its discretion in denying their motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *Abudu*, 485 U.S. at 104–05. Accordingly, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court